UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. CR 05-27ML

PEDRO HERNANDEZ-RODRIGUEZ

# DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Now comes Defendant Pedro Hernandez-Rodriguez who hereby moves this Honorable Court under Federal Rules of Criminal Procedure, Rule 11(d)(2)(B), which permits the withdrawal of a plea if the defendant can show a fair and just reason for requesting the withdrawal. The basis for this motion is indicated in the memorandum filed herewith.

DEFENDANT PEDRO HERNANDEZ-RODRIGUEZ

By his attorneys,

McKENNA & McCORMICK

**James T. McCormick (#2614)**
128 Dorrance Street, Suite 330
Providence, RI 02903-2814

(401) 831-2970
(401) 751-1797 (FAX)

[redacted]

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorney on the 12th day of September 2005:

Asst. U. S. Atty. Mary E. Rogers
**U.S. Department of Justice**
50 Kennedy Plaza, 8th Floor
Providence, RI 02903-2393

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

VS. CR 05-27ML

PEDRO HERNANDEZ-RODRIGUEZ

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Defendant has pleaded guilty to a one-count indictment charging him with conspiracy to possess with intent to distribute five grams or more of a mixture containing a detectable amount of cocaine base. His sentencing is scheduled for October 7, 2005. Defendant now respectfully moves that this Honorable Court permit him to withdraw this plea.

Defendant's first plea hearing was continued to allow the plea agreement to be reworded to permit the defendant to argue for a sentence less than the guidelines without hereby being in violation of the plea agreement. At the second plea hearing he expressed reservations about admitting that the conspiracy involved "crack," as specified in the plea agreement, rather than the "cocaine base" specified in the indictment. The distinction is significant because crack is punished much more severely under the guidelines than other forms of cocaine, including cocaine base, which might not meet the definition of crack. After consultation with counsel during the plea colloquy, defendant acknowledged, albeit reluctantly, that the drug in question was crack and not merely cocaine base.

The evidence in this case consisted almost exclusively of intercepted cell phone conversations in which defendant allegedly conspired to pick up a quantity of cocaine from co-conspirator Joel Francisco's girlfriend and deliver the same to Mr. Francisco. The basis for concluding the substance was crack was the defendant's alleged use of the word "hard" rather than "soft," which, according to the police affidavit, meant crack. The drugs in question were not seized and thus were not subjected to laboratory tests or other examination to yield a definitive finding that the drug was crack. Defendant is not alleged to have participated in the preparation or formulation of the drug; no drugs were seized from him, and the government has not indicated that the particular drugs in question were seized and tested and found to be crack.

Defendant now moves to withdraw his guilty plea because of his failure to appreciate the confusing factual and legal issues concerning the much more severe penalties for crack than for cocaine base or powdered cocaine. His plea was not knowing and intelligent, and under the circumstances apparent from his ambivalence at the plea colloquy, his plea was not voluntary. Thus, the factual basis for his plea is insufficient, and his failure to understand the differences in punishment for the various types of cocaine negates his plea being knowing, intelligent and voluntary. For these reasons, this defendant respectfully requests that this Court vacate his guilty plea.

DEFENDANT PEDRO
HERNANDEZ-RODRIGUEZ

By his attorneys,

McKENNA & McCORMICK

**James T. McCormick (#2614)**
128 Dorrance Street, Suite 330
Providence, RI 02903-2814

(401) 831-2970
(401) 751-1797 (FAX)

## CERTIFICATION

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorney on the 12th day of September 2005:

Asst. U. S. Atty. Mary E. Rogers
**U.S. Department of Justice**
50 Kennedy Plaza, 8th Floor
Providence, RI 02903-2393